UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLES BYON NISHI,

        Plaintiff,

    v.

COUNTY OF MARIN, et al.,

        Defendants.

_____/

No. C 11-0438 PJH

**ORDER GRANTING MOTIONS TO DISMISS AND VACATING HEARING DATE**

      Before the court are motions to dismiss filed by defendants California Department of Fish and Game ("DFG"), and DFG Game Wardens Rich Mean ("Mean") and Peter Georges ("Georges")(collectively "State defendants"); and defendants Marin County Open Space District ("Marin County Open Space"), Brendon Bosse ("Bosse"), Robert McDaniels ("McDaniels"), and Don Grafe ("Grafe")(collectively "County defendants"). Plaintiff Charles Byon Nishi ("plaintiff" or "Nishi"), who proceeds pro se, has failed to file any opposition to either motion. Because the court finds that oral argument is unnecessary and would not be helpful, the hearing date of June 15, 2011 (continued from April 20, 2011) is VACATED pursuant to Civil Local Rule 7-1(b). For the following reasons, defendants' motions to dismiss are furthermore GRANTED, and plaintiff's three causes of action alleging civil rights violations against defendants pursuant to 42 U.S.C. §§ 1982, 1983, and 1985(3) are DISMISSED.

      1.     The State defendants' motion to dismiss is granted as to defendant DFG, in the first instance, on Eleventh Amendment immunity grounds. The Eleventh Amendment bars any claim against a state agency – such as the DFG – pursuant to 42 U.S.C. sections 1982, 1983, and 1985. See Will v. Mich. Dept. of State Police, 491 U.S. 58, 66

(1989)(Eleventh Amendment immunity applies to section 1983 claims); <u>Mitchell v. Los Angeles Cmty. College Dist</u>., 861 F.2d 198, 201 (9th Cir. 1988)(Eleventh Amendment bars claims under sections 1981, 1983 and 1985).

Second, to the extent plaintiff attempts to assert claims for prospective injunctive relief against individual State defendants Mean and Georges in their official capacities, these claims must fail as well. While the <u>Ex parte Young</u> doctrine recognizes a limited exception to Eleventh Amendment immunity for suits seeking prospective injunctive relief against state officers, the doctrine is limited to situations in which a plaintiff alleges "an ongoing violation of federal law," and where the relief sought is truly "prospective rather than retrospective." See, e.g., <u>Ex parte Young</u>, 209 U.S. 123 (1908); <u>Doe v. Lawrence Livermore Nat'L Lab.</u>, 131 F.3d 836 (9th Cir. 1997). Here, plaintiff fails to allege any ongoing violation of federal law. All of plaintiff's allegations relate to defendants' alleged actions occurring on January 28, 2009, when the individual State defendants purportedly "ransacked" plaintiff's "residence/settlement" upon public grounds, and unlawfully took plaintiff's car keys and searched his car and possessions. <u>See</u> Complaint ¶¶ 3.7-3.10. These allegations, and those of the damages and harm stemming therefrom for which plaintiff now seeks relief, relate at best solely to an alleged past violation of federal law. Accordingly, plaintiff has failed to allege any grounds upon which <u>Ex parte Young</u> could apply – or upon which plaintiff's claims against defendants Mead and Georges may be permitted to stand.

Moreover, the court furthermore notes that plaintiff has failed to allege any conduct specifically attributable to defendant Georges in the first instance, and with respect to defendant Mead, plaintiff alleges only that Mead refused to accept two spent firearm casings into evidence until he someone demanded that he do so. These bare bones allegations against the individual State defendants fail to support any cognizable claim against either pursuant to sections 1982, 1983, or 1985.

For all the foregoing reasons, plaintiff's claims against the State defendants are DISMISSED, with prejudice.

2.      The County defendants' motion to dismiss is also granted.  Preliminarily, as the County defendants point out, the gravamen of plaintiff's complaint against these defendants is that plaintiff was unlawfully cited and/or searched for illegal camping in the Indian Valley Open Space Preserve located in Marin County.  <u>See</u> generally Complaint. Plaintiff's complaint against defendant Marin County Open Space centers on the allegation that in doing so, it implemented an illegal ordinance that conflicted with state law, and the state and federal constitutions.  Complaint, ¶ 3.19.  As to defendants Bosse, McDaniels and Grafe, plaintiff alleges that on three separate occasions, these defendants improperly cited plaintiff for illegally camping on public land, and/or physically removed his belongings from public land.  <u>See</u> Complaint, ¶¶ 3.1, 3.16-3.18.

As defendants note, however, judicially noticeable facts clearly establish that a regulation preventing illegal camping on lands covered by Marin County Open Space does exist.  <u>See</u> Def. Request for Judicial Notice ("RJN"), Exs. A-D.  Specifically, Marin County Open Space District Code section 100.02.060 prohibits individuals from camping overnight on covered public lands, or possessing defined camping gear within such lands, except as expressly authorized by Marin County Open Space.  <u>See</u> RJN, Ex. C.  Thus, to the extent plaintiff attempts to allege that defendants unlawfully cited him for illegal camping, or took action against him pursuant to a non-existent law or regulation, such a claim would appear to fail as a matter of law.  To the extent, however, that plaintiff's allegations may liberally be construed as challenging the constitutionality of any such regulation or law pursuant to which plaintiff was cited or subjected, plaintiff has failed to allege sufficient facts to support such a claim.  Plaintiff fails, for example, to properly identify either Marin County Open Space District Code section 100.02.060, or any other applicable law, as the source of any such challenge, and does not identify the manner in which such a law was applied; the manner in which it is being challenged; or the ways in which such law or its application violates plaintiff's civil rights pursuant to any identifiable legal theory permitted by 42 U.S.C. sections 1982, 1983, or 1985.  As such, plaintiff fails to allege a viable claim for relief under these federal laws, and plaintiff's claims against the County defendants must be

1  DISMISSED for failure to state a claim.  The dismissal is with leave to amend, however, so
2  that plaintiff may attempt to cure the deficiencies noted herein.
3       Finally, the court notes that the County defendants have also sought dismissal on
4  qualified immunity grounds.  Generally speaking, the defense of qualified immunity protects
5  "government officials . . . from liability for civil damages insofar as their conduct does not
6  violate clearly established statutory or constitutional rights of which a reasonable person
7  would have known."  <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982).  Qualified immunity
8  must be pled as a defense, however, and defendants here have not done so, since they
9  have yet to file an answer to plaintiff's complaint.  <u>See Gomez v. Toledo</u>, 446 U.S. 635, 640
10 (1980)("Since qualified immunity is a defense, the burden of pleading it rests with the
11 defendant.").  As such, the defense has not properly been raised before the court.  Nor
12 does the complaint itself provide a basis for concluding that qualified immunity necessarily
13 applies.  Moreover, the court further notes that resolution of the qualified immunity defense
14 frequently raises issues of fact that are more appropriately determined at a later stage.
15 <u>See Gomez</u>, 446 U.S. at 641.  While such a defense may thus very well prove viable at a
16 future stage of these proceedings, it does not present an adequate basis for dismissal
17 here.
18      In sum, defendants' motions to dismiss are GRANTED.  Plaintiff is granted leave to
19 amend with respect to the County defendants only, and only on the limited grounds
20 explained herein.  Plaintiff's amended complaint shall be filed no later than June 8, 2011.
21      **IT IS SO ORDERED**.
22 Dated:  May 11, 2011
23                                            PHYLLIS J. HAMILTON
                                              United States District Judge